UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-15-TAV-HBG |
| | ) | |
| JUAN A. MUNOZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is appointed defense counsel's Motion for Substitution of Counsel and/or to Review the Attorney-Client Relationship [Doc. 15], filed on April 5, 2016. On April 21, 2016, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Caryn Hebets was present representing the Government. Attorney Jonathan Moffatt was present representing the Defendant, who was also present. Attorney Michael McGovern was also present.

In his motion to withdraw as counsel, Attorney Moffatt states that the Defendant has requested a new attorney and that given the recent developments in discussing the case with the Defendant, it has become apparent that the attorney-client relationship may be irretrievably broken.

During the April 21 hearing, Attorney Moffatt elaborated that the Defendant has questioned the competency of counsel's representation to the point that the Defendant no longer trusts Attorney Moffatt and has stopped communicating with him altogether. Attorney Moffatt further explained that he has tried to work on the "trust situation" but has been unable to reach any resolution on the

1

matter, such that the attorney-client relationship is irrevocably broken. The Court questioned the Defendant who likewise agreed that the attorney-client relationship was irrevocably broken and wished to proceed with new counsel. The Government stated it had no objection to the motion. The Court admonished the Defendant that a change in counsel cannot be undone and that no further requests for new counsel would be granted absent a showing of extraordinary circumstances. The Defendant submitted he understood the consequences of changing counsel and stated he still wanted a new attorney appointed on his behalf.

The Court finds that Attorney Moffatt and the Defendant have demonstrated the existence of a breakdown of communication in the attorney-client relationship based upon a lack of trust between the Defendant and Attorney Moffatt which is likely to affect the Defendant from being able to move forward in his case. Moreover, the Court finds that the trust necessary to provide adequate representation in this case has eroded beyond repair, resulting in the inability to render effective assistance of counsel should Attorney Moffatt remain on the case.

Accordingly, in light of the lack of trust between the Defendant and Attorney Moffatt, which cannot be resolved but which the Court does not find it to be Attorney Moffatt's fault, the Court finds good cause exists to grant the Motion for Substitution of Counsel and/or to Review the Attorney-Client Relationship [**Doc. 15**], the same is **GRANTED**, and Attorney Moffatt is relieved as counsel for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

At the end of the hearing, Attorney McGovern agreed to accept representation of the Defendant. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney McGovern under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for the Defendant.

Attorney Moffatt is **DIRECTED** to turn over all discovery and the Defendant's file to Attorney McGovern.

Attorney McGovern also made an oral motion to continue the June 21, 2016 trial date in order for him to have the appropriate time necessary to prepare for trial. Attorney McGovern represented that the Defendant understood the need for a continuance and agreed to waive his rights to a speedy trial. The Government stated it had no objection to a continuance in this case.

The Court finds the oral motion to continue to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court observes that because of Attorney McGovern's recent appointment, he will need additional time to interview his client, review discovery, and investigate the facts of the case. Thus, the Court finds that this necessary trial preparation could not take place before the June 21, 2016 trial date. Accordingly, the Court finds that the failure to grant a continuance would deprive counsel of the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Therefore, the **oral motion** to continue the trial is **GRANTED**, and the trial of this matter is reset to **August 16, 2016**. The Court also finds that all the time between the filing of Attorney Moffatt's motion on **April 5, 2016**, and the new trial date of **August 16, 2016**, to be fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), & -(7)(A)-(B). With regard to further scheduling in this case, the deadline for negotiating a plea deal, as well as the cut-off for reciprocal discovery, shall be **July 29, 2016**. The Court further instructs the parties that all motions *in liminie* shall be filed no later than **August 1, 2016**. Finally, special request for jury instructions shall be submitted to the District Court no later

than **August 5, 2016**. Attorney McGovern is advised that he may file a motion for leave with this Court should the need arise to file a pretrial motion in this case.

Accordingly, it is **ORDERED**:

(1) Attorney Moffatt's Motion for Substitute of Counsel and/or to Review the Attorney-Client Relationship [ **Doc. 15**] is **GRANTED**, and he is relieved of further representation of the Defendant;

(2) Attorney McGovern is **SUBSTITUTED** as counsel of record for the Defendant;

(3) Attorney McGovern's **oral motion** to continue is **GRANTED**;

(4) All time between the filing of the motion for substitution of counsel on April 5, 2016, and the new trial date of **August 16, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(5) The parties have until **July 29, 2016**, to conclude plea negotiations;

(6) The deadline for providing reciprocal discovery is **July 29, 2016**;

(7) Motions *in limine* must be filed no later than **August 1, 2016**; and

(8) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **August 5, 2016**.

**IT IS SO ORDERED**

ENTER:

Bruce Guyton
United States Magistrate Judge